United States Courts
Southern District of Texas
FILED

*July 29, 2022*

Nathan Ochsner, Clerk of Court

FILED
CHARLOTTE, NC

**4:22-mj-1774**

JUL 19 2022

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

US DISTRICT COURT
WESTERN DISTRICT OF NC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Docket No.: 3:22CR183 |
| ) | |
| v. ) | **BILL OF INDICTMENT** |
| ) | |
| BOBBY LORENZO RAY, JR. ) | 18 U.S.C. § 1349 |
| a/k/a Bugatti ) | 18 U.S.C. § 1344 |
| ) | |

THE GRAND JURY CHARGES:

At the specified time and at all relevant times:

### Introduction

1. From no later than August 31, 2020, through on or about September 28, 2020, the Defendant, BOBBY LORENZO RAY, JR., also known as Bugatti, and other co-conspirators known and unknown to the Grand Jury conspired to engage in a check fraud scheme designed to defraud Credit Union A by obtaining over $300,000 in fraudulent cashier's checks from victims' accounts.

### Relevant Entities and Individuals

2. Credit Union A was a federal credit union, the accounts of which were insured by the National Credit Union Share Insurance Fund (NCUSIF) and which operated in and the activities of which affected interstate and foreign commerce.

3. Donald Smith-Miles, charged elsewhere, was employed by Credit Union A as a teller at the Charlotte Douglas International Airport branch in Charlotte, North Carolina.

4. P.D., M.S., M.G., R.Y., and N.G. (collectively, "the Credit Union A Victims") were individuals with deposit accounts held by Credit Union A.

### The Scheme to Defraud

5. In or around August 2020, RAY and Smith-Miles conspired with one another and others known and unknown to the Grand Jury to operate a check fraud scheme in and around Mecklenburg County, North Carolina and elsewhere.

6. The scheme to defraud generally operated as follows:

    a. Smith-Miles accessed the Credit Union A computer system and obtained the personally identifiable information, including names, social security numbers, dates of

birth, and addresses; account and member numbers; and approximate balances in the accounts of the Credit Union A Victims and provided such information to RAY.

b. RAY created fake email accounts, purportedly associated with the Credit Union A Victims, and sent and caused to be sent emails from those fake accounts to Smith-Miles at his work email account requesting that Smith-Miles issue cashier's checks from the victim accounts to RAY and to other co-conspirators known to the Grand Jury.

c. On or about September 10, 2020, and September 24, 2020, Smith-Miles issued fraudulent cashier's checks from the accounts of the Credit Union A Victims without their knowledge and consent. The fraudulent cashier's checks were made payable to RAY and other co-conspirators and had false information on the memo lines, such as "Digital Media," "French Bulldog," "Custom Jewelry Set," and "Yamaha Grand Piano," some of which were taken from the emails sent from the fake victim email accounts under RAY's control.

d. On the same dates that Smith-Miles issued the fraudulent checks, RAY and other co-conspirators traveled to Charlotte, North Carolina, and picked up the fraudulent checks from Smith-Miles at the Credit Union A branch at the Charlotte Douglas International Airport.

e. RAY and co-conspirators presented the checks for payment and attempted to present the checks for payment at check cashers and banks in Charlotte, North Carolina, and elsewhere. For example, on or about September 10, 2020, RAY presented for payment a cashier's check given Check No. 1649349 in the amount of $18,346.29, issued by Credit Union A and made payable to RAY, at a check casher in Charlotte, North Carolina.

7. As a result of this scheme, the co-conspirators collected over $120,000 from the accounts of the Credit Union A Victims.

## COUNT ONE
## 18 U.S.C. § 1349
### (Conspiracy to Commit Financial Institution Fraud)

8. Paragraphs 1 through 7 of this Bill of Indictment are re-alleged and incorporated herein by reference as though fully set forth herein.

9. From no later than August 31, 2020, through on or about September 28, 2020, in the Western District of North Carolina and elsewhere, the Defendant,

**BOBBY LORENZO RAY, JR.**
a/k/a Bugatti

did knowingly combine, conspire, confederate, and agree with Smith-Miles and others known and unknown to the Grand Jury to knowingly and willfully execute and attempt to execute a scheme and artifice to defraud Credit Union A, a credit union with accounts insured by the National Credit

Union Share Insurance Fund, and to obtain monies, funds, credits, assets, and other property owned by and under custody and control of Credit Union A by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

### Manner and Means

10. The co-conspirators carried out the conspiracy through the manner and means described in paragraphs 5 through 7 of this Bill of Indictment, among others.

All in violation of Title 18, United States Code, Section 1349.

### COUNT TWO
### 18 U.S.C. § 1344
### (Financial Institution Fraud)

11. Paragraphs 1 through 7 of this Bill of Indictment are re-alleged and incorporated herein by reference as though fully set forth herein.

12. On or about September 10, 2020, in the Western District of North Carolina and elsewhere, the Defendant,

### BOBBY LORENZO RAY, JR.
### a/k/a Bugatti

aided and abetted by others, did knowingly and unlawfully execute and attempt to execute a scheme and artifice to defraud Credit Union A, a credit union with accounts insured by the National Credit Union Share Insurance Fund, and to obtain monies, funds, credits, assets, and other property owned by and under custody and control of that financial institution by means of materially false and fraudulent pretenses, representations, and promises, to wit, causing to be issued Check No. 1649349 in the amount of $18,346.29, issued by Credit Union A and made payable to RAY.

All in violation of Title 18, United States Code, Sections 1344 and 2.

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in Counts One and Two of this Bill of Indictment;

b. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a).

The following property is subject to forfeiture on one or more of the grounds set forth above: approximately $120,908.43 in proceeds of the violations set forth in Counts One and Two.

A TRUE BILL

_____
GRAND JURY FOREPERSON

DENA J. KING
UNITED STATES ATTORNEY

_____
GRAHAM BILLINGS
ASSISTANT UNITED STATES ATTORNEY